FILED
2021 FEB 2
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| YUDIN,<br><br>      Plaintiff,<br><br>v.<br><br>SALT LAKE CITY SCHOOL DISTRICT,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-cv-0602-JNP-CMR<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Cecilia M. Romero |

Before the court is (1) Defendant's Motion to Strike Plaintiff's Response to the Answer (Motion to Strike) (ECF 11); (2) Plaintiff's Motion to Appoint Counsel (ECF 14); and (3) Plaintiff's Motion for Extension of Time to Respond to Motion for Summary Judgment (Motion for Extension of Time) (ECF 16) referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(B) (ECF 6). The court will address each in turn.

## I. BACKGROUND

*Pro Se* Plaintiff, Y. Vadim Yudin, (Plaintiff or Yudin) filed suit alleging violations of the Equal Pay Act and the Education Amendment of 1972 stemming from Plaintiff's employment with Defendant (ECF 4). Defendant, Salt Lake City School District, filed its Answer to Complaint (ECF 8). Without obtaining leave of court, Plaintiff filed a "Response to Respondent's Answer" (ECF 9). Defendant promptly submitted the pending Motion to Strike (ECF 11). Plaintiff failed to submit a response or opposition to the Motion to Strike and the time to do so has expired.

On January 14, 2021, the court denied Plaintiff's initial request for appointment of counsel (ECF 10, 13). On January 20, 2021, Plaintiff filed a second Motion to Appoint Counsel

(ECF 14). On January 25, 2021, Defendant filed a Motion for Summary Judgment (ECF 15), to which Plaintiff now seeks additional time to respond (ECF 16).

## II.     DISCUSSION

### A. Motion to Strike

In the Motion to Strike, Defendant requests the court strike Plaintiff's "Response to Respondent's Answer" as improper under Federal Rule of Civil Procedure 7. Rule 7(a)(7) states, in relevant party, a reply to an answer is only permitted when ordered by the court. Fed. R. Civ. P. 7(a)(7). Furthermore, pursuant to District of Utah Local Civil Rules (Local Rule) 7-1(d) "[f]ailure to respond timely to a motion, other than for summary judgment, may result in the court's granting the motion without further notice." DUCivR 7-1(d). The court did not order Plaintiff to submit a reply or response to Defendant's Answer and Plaintiff failed to respond to Defendant's Motion to Strike. *See* DUCivR 7-1(b)(3)(D). The court will therefore GRANT Defendant's Motion to Strike and order Plaintiff's "Response to Respondent's Answer" (ECF 9) stricken from the record.

### B. Motion to Appoint Counsel

In his most recent Motion to Appoint Counsel, Plaintiff asks the court to consider his financial circumstances, his diligence in attempting to retain counsel, the merits of Plaintiff's case, and that Plaintiff is a non-native English speaker and proceeding pro se would be a hardship on him (ECF 14) and appoint counsel.

As this court has previously explained, as a civil litigant, Plaintiff has no constitutional right to counsel. *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). However, Title VII gives courts broad discretion to appoint counsel for *pro se* litigants. 42 U.S.C. § 2000(e)-5(f)(1). While Plaintiff has not explicitly

alleged a violation of Title VII, in interpreting his pleadings broadly, it appears Plaintiff is alleging he has been discriminated against based on his status as a male and an immigrant. Furthermore, Plaintiff has filed a claim of discrimination with the UALD/EEOC and that claim is currently being investigated (ECF 11 at fn. 2).

In cases filed under Title VII, the Tenth Circuit Court of Appeals has enumerated four factors courts should consider in making the decision whether to grant a plaintiff's request for appointed counsel: "(1) the plaintiff's financial ability to afford counsel; (2) his [or her] diligence in attempting to secure counsel; (3) the merits of his [or her] case; and (4) in close cases, the plaintiff's capacity to prepare and present the case without the aid of counsel." *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

In applying its broad discretion to appoint counsel, the court finds that while Plaintiff has provided arguments and support for the first two factors, the pleadings and filings at this stage in the litigation do not make clear the merits of Plaintiff's case. As to the fourth factor, Plaintiff has done a diligent job in proceeding *pro se* and responding and arguing his position. The court cannot find that this is a "close case" or that Plaintiff lacks the capacity to proceed *pro se* at this time. Therefore, the court will once again DENY Plaintiff's Motion to Appoint Counsel without prejudice.

### C. Motion for Extension of Time

In his Motion for Extension of Time, Plaintiff represents that counsel for Defendant does not oppose Plaintiff's request for additional time to respond to the Motion for Summary Judgment pending the court's determination of his Motion to Appoint Counsel (ECF 16). As discussed above, the court will deny Plaintiff's request for appointed counsel at this time. Based on agreement of the parties, and good cause shown, the court will grant Plaintiff's Motion for

Extension of Time. Plaintiff is granted an extension of time to and including March 1, 2021, to submit an opposition to Defendant's Motion for Summary Judgment. Arguments made in Plaintiff's Motion for Extension of Time related to the merits of the Motion for Summary Judgment should be advanced in his opposition.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED:

(1) Defendant's Motion to Strike Response (ECF 11) is GRANTED. "Plaintiff's Response to Respondent's Answer" (ECF 9) is STRICKEN from the record.

(2) Plaintiff's Motion for Appointment of Counsel (ECF 14) is DENIED without prejudice.

(3) Plaintiff's Motion for Extension of Time (ECF 16) is GRANTED. Plaintiff shall have up to and through March 1, 2021 to submit a response to Defendant's Motion for Summary Judgment.

DATED this 2 February 2021.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah