IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Y. VADIM YUDIN,<br><br>                Plaintiff,<br>v.<br><br>SALT LAKE CITY SCHOOL DISTRICT,<br><br>                Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:20-cv-0602-JNP-CMR<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Cecilia M. Romero |

Referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(B) (ECF 6, 15) is: (1) Defendant's Motion for Summary Judgment (Motion for Summary Judgment) (ECF 15); (2) Plaintiff's Motion to Strike Defendant's Reply in Support of Summary Judgment (Motion to Strike) (ECF 22); and (3) Plaintiff's Motion for Leave to file Amended Complaint (Motion to Amend) (ECF 19). Pursuant to Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah (Local Rules), the court concludes that oral argument is not necessary and will determine the pending motions based on the written memoranda. For the reasons discussed herein, the court denies the Motion to Strike and recommends the Motion for Summary Judgment be denied and the Motion to Amend be granted.

**FACTUAL BACKGROUND[1]**

On August 29, 2017, Plaintiff Y. Vadim Yudin (Plaintiff or Yudin), a male, was hired as an hourly employee at Horizonte Alternative High School (Horizonte) teaching adult education classes through Defendant Salt Lake City School District's (Defendant) Alternative Route to Licensure program (ARL). At the time of hire, Plaintiff did not have a teaching license and was

---

[1] For the purposes of ruling on the Motion for Summary Judgment, Plaintiff alleges or does not dispute the following facts.

paid $18.00 per hour in accordance with Defendant's published pay scale for unlicensed instructors. On September 17, 2018, Plaintiff obtained his Utah Teaching License and his pay was adjusted on September 19, 2018 to $33.82 in accordance with Defendant's published pay scale for licensed teachers.

Plaintiff's colleague, Audrey Cooley (Cooley or Ms. Cooley), a female hourly instructor, was hired by Defendant in 2009 as an unlicensed instructor but was paid in accordance with Defendant's published pay scale as a licensed teacher. Cooley later obtained her Utah Teaching License in August of 2012 and continued to receive Defendant's rate of pay for licensed teachers.

Throughout his employment with Defendant, Plaintiff made a number of complaints and grievances regarding his rate of pay. In early March 2020, Plaintiff was asked to take on a larger course load by accepting additional students mid-semester. After a conversation with Defendant's administrators, Plaintiff refused to accept the additional course load, and later in March 2020 Plaintiff's course load was further reduced. On June 7, 2020, Plaintiff filed a wage discrimination claim which was dismissed (Wage Claim). On August 17, 2020, Plaintiff's position was eliminated along with 16 other employees as part of a reduction in force, and Plaintiff's employment with Defendant was terminated effective August 17, 2020.

## PROCEDURAL BACKGROUND

*Pro Se* Plaintiff[2] filed suit against Defendant on September 16, 2020, alleging violations of the Equal Pay Act (EPA) and the Education Amendment of 1972 (ECF 4). On January 25, 2021, Defendant filed the pending Motion for Summary Judgment arguing any wage disparity

---

[2] In undertaking its analysis, the court is mindful that Plaintiff is acting pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*.

2

was justified by a non-discriminatory reason, there was no retaliation, and that the statute of limitation bars most of Plaintiff's claims for back wages (ECF 15).  Plaintiff filed an Opposition to Defendant's Motion for Summary Judgment (Opposition) (ECF 18), and Defendant subsequently filed a Reply in Support of Summary Judgment (Reply) (ECF 21).  In his Motion to Strike, Plaintiff seeks to strike Defendant's Reply, arguing a reply is not permitted by Federal Rule of Civil Procedure 56 (ECF 22).

Shortly after Defendant filed its Motion for Summary Judgment, Plaintiff filed his Motion to Amend seeking leave of court to amend his Complaint (ECF 19).  Plaintiff failed to attach a proposed amended complaint to his Motion to Amend as required by Local Rule 15-1. DUCivR 15-1(a)(1).  Defendant opposes the Motion to Amend arguing that without the proposed amended complaint, neither the court nor Defendant can determine whether Plaintiff can satisfy the Rule 15(a)(2) standard (ECF 20).

## DISCUSSION

### I.  Motion to Strike

In the Motion to Strike, Plaintiff contends Rule 56 "does not permit the filing of a reply brief" (ECF 22).  While Rule 56 is silent as to supporting memorandum, Local Rule 56-1 provides that a party moving for summary judgment may file a reply memorandum of no more than 20 pages.  DUCivR 56-1(d), (g)(1). Defendant's Reply is a total of 13 pages and complies with the Local Rule.  Because Defendant's Reply complies with the Local Rule 56-1(d) and (g)(1), the court DENIES Plaintiff's Motion to Strike and will consider Defendant's Reply (ECF 21) in ruling on the Motion for Summary Judgment.

## II.  Motion for Summary Judgment

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *see also* Fed. R. Civ. P. 56(c).  Here, as the movant, Defendant bears the initial burden of showing an absence of evidence to support Plaintiff's case. *Id.* at 325.  The movant satisfies this burden by providing "affirmative evidence that negates an essential element of the nonmoving party's claim" or by "demonstrat[ing] to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019) (citing *Celotex*, 477 U.S. at 331).  If the evidence in support of the motion does not meet the movant's initial burden, the motion "must be denied even if no opposing evidentiary matter is presented." *Palzer v. CoxCom, LLC*, 833 F. App'x 192, 199 (10th Cir. 2020) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)).

### A.  **<u>Defendant has failed to meet its burden as to Plaintiff's retaliation claim.</u>**

To establish a prima facie case of retaliation under the EPA, plaintiff must prove: "(1) he or she engaged in activity protected by the Fair Labor Standards Act; (2) he or she suffered adverse action by the employer subsequent to or contemporaneous with such employee activity; and (3) a causal connection existed between the employee's activity and the employer's adverse action." *Richmond v. ONEOK, Inc.,* 120 F.3d 205, 208–209 (10th Cir. 1997) (citing *Archuleta v. Colo. Dep't of Insts.* 936 F .2d 483, 486 (10th Cir. 1991)).  Once a plaintiff has established a prima facie case, the burden of production then shifts to the employer to show a legitimate reason for the plaintiff's termination. *Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 549 (10th Cir. 1999) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973)).  If a

4

defendant has established a legitimate business reason for the plaintiff's termination, in order to succeed on a retaliation claim, the plaintiff must prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons but were a pretext for discrimination. *Bertsch v. Overstock.com*, 69 F. Supp. 3d 1245, 1267 (D. Utah 2014). Accordingly, an employee must produce evidence that the employer's proffered reasons for action may have been pursuing a hidden discriminatory agenda. *Id*.

        i.        *Plaintiff's Prima Facie Retaliation Claim*

Here, Defendant does not dispute the first or second elements of a prima facie retaliation claim: that Plaintiff engaged in protected activity when he raised his Wage Claim with Defendant, or that he suffered adverse employment action when he was terminated. However, Defendant asserts that Plaintiff cannot meet the third requirement of a causal connection between his Wage Claim and his termination.

A causal connection is established where the plaintiff presents "evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." *Garrett v. Hewlett-Packard Co.,* 305 F.3d 1210, 1221 (10th Cir. 2002) (quoting *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1320 (10th Cir. 1999), overruled on other grounds, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). While temporal proximity alone is not sufficient to establish a causal connection, the standard for proving a prima facie retaliation case is low and Plaintiff need only demonstrate circumstances giving rise to an inference of unlawful discrimination. *Id*. "However, unless the termination is *very closely* connected in time to the protected activity, the plaintiff must rely on additional evidence beyond temporal proximity to establish causation." *Anderson v. Coors Brewing Co.*,

181 F.3d 1171, 1179 (10th Cir. 1999) (quoting *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997)).

As a preliminary matter, Plaintiff's Complaint alleges he was retaliated against after filing a "wage Discrimination claim with the District, but his complaint was dismissed" (ECF 4 at ¶¶ 16, 19). In the Motion for Summary Judgment, Defendant characterizes Plaintiff's retaliation claim as one "for making an EPA complaint" (ECF 15 at 10). Moreover, Defendant concedes Plaintiff had made other complaints including refusing to take on additional students in March of 2020, and Defendant did not contest that there was a conversation between Plaintiff and Defendant's administrators regarding the repercussions of his refusal to accept the additional course load. Neither party provided the court with a copy of the Wage Claim, or any of Plaintiff's previous complaints or grievances. Regardless, Defendant did not offer any evidence to dispute Plaintiff filed his Wage Claim on June 7, 2020, regarding his rate of pay or that Plaintiff's course load was reduced following his refusal to accept additional students in March of 2020. Here, the undisputed evidence demonstrates Plaintiff frequently and persistently complained about his salary and pay dating back to 2017 and his most recent complaint was just two months prior to his termination. Plaintiff argues that his Wage Claim, coupled with him being threatened with termination if he did not accept a bigger caseload without compensation, would satisfy the causal connection requirement. In construing the facts in the light most favorable to Plaintiff, the court agrees.

Defendant admits Plaintiff was asked to take on additional students in March 2020, Plaintiff declined to take on additional students, and his workload was thereafter reduced in March 2020. In his Opposition to the Motion for Summary Judgment, Plaintiff alleges that he was "intimidated" and told he would be terminated if he declined to take on additional students

6

without compensation (ECF 18).  In its Reply, Defendant attached an email communication following up on a "conversation" between Principal Joshua Bell and Plaintiff on March 4, 2020 (ECF 21, Ex. 12), however Defendant did not present an affidavit or declaration from Principal Bell or any other administrator attesting to whether Plaintiff had not been threatened with termination for refusing to accept the additional course load.  Considering there may be additional instances of Plaintiff engaging in protected activity, and/or adverse employment action pre-dating Plaintiff's Wage Claim and subsequent termination, the court finds Defendant has failed to submit sufficient affirmative evidence to negate the causal connection element at this stage and is therefore unable to grant summary judgment in favor of Defendant on Plaintiff's retaliation claim.

        *ii.*      *Defendant's Legitimate Non-Discriminatory Reason*

While the court recognizes Defendant may be able to demonstrate a legitimate non-discriminatory reason for Plaintiff's termination —namely a reduction in force regarding multiple Horizonte employees— the affirmative evidence Defendant cited to support this reason was not sufficient to negate pretext.  Exhibits 9 and 10 of the Motion for Summary Judgment include Plaintiff's termination letter, a template termination letter, and a mostly redacted spreadsheet listing the date of hire, position, career status, and a column titled "Kari/Amy Notes,"[3] which appears to list objective opinions as to which employees should be retained.  The spreadsheet does not identify who or what the information was used for or describe or support an established criteria for determining which employees would be terminated due to the alleged decline in enrollment.

---

[3] Neither the Motion for Summary Judgement nor the Declaration of Mozelle Prestridge-Orton (ECF 15 Ex. 5) indicate who "Kari" or "Amy" are and what role either may have had in Plaintiff's termination.

Moreover, Defendant filed the pending Motion for Summary Judgment prior to any discovery being conducted in this matter, and Plaintiff has therefore not been afforded an opportunity to discover evidence that Defendant's proffered reasons for action may have been pursuing a hidden discriminatory agenda. *See Price ex rel. Price v. W. Res., Inc.,* 232 F.3d 779, 783 (10th Cir. 2000) ("[S]ummary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."). Based upon the foregoing, the court cannot conclude that there is no genuine dispute as to any material fact as the affirmative evidence Defendant references is insufficient to negate the elements of Plaintiff's claim, and Plaintiff has not been afforded an opportunity to discover evidence to oppose Defendant's legitimate non-discriminatory reason for his termination. Thus, the court finds that granting a motion for summary judgment as to Plaintiff's retaliation claim at this juncture would be premature.

**B. Defendant has failed to meet its burden as to Plaintiff's EPA claim.**

The EPA prohibits employers from "discriminating on the basis of sex" by paying employees of one sex less than they pay "employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). To establish a prima facie EPA claim, "[Plaintiff] has the burden of proving that (1) [he] was performing work which was substantially equal to that of the [fe]male […]; (2) the conditions where the work was performed were basically the same; and (3) the [fe]male employees were paid more under such circumstances." *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1364 (10th Cir. 1997) (citing *Tidwell v. Fort Howard Corp.*, 989 F.2d 406, 409 (10th Cir. 1993)). Pursuant to the Fair Labor Standards Act, EPA claims must be brought within the two-year statute of limitations. 29 U.S.C.

§ 255(a). This limitation can be modified to a three-year period if the employer's violation was willful. *Shields v. United States Postal Serv.*, 729 F. App'x 662, 663 (10th Cir. 2018).

    *ii. Plaintiff's Prima Facie EPA Claim*

  Defendant argues that Plaintiff cannot meet the first element of the prima face case—that he was performing work substantially equal to that of female employees. Defendant argues that Plaintiff's named comparator, Audrey Cooley was not similarly situated because, unlike Plaintiff who did not obtain his teaching license until September 18, 2018, Ms. Cooley obtained her teaching license in 2012 and was paid accordingly.

  In his Opposition, Plaintiff contests this finding and asserts that Ms. Cooley "was able to receive teaching wages prior to her authorization in 2012" (ECF 18) and in its Reply, Defendant concedes "Plaintiff's assertion regarding Ms. Cooley is true" (ECF 21). Defendant clarifies that in 2009 Ms. Cooley was granted an exception to Defendant's policies which allowed her to be paid at the hourly licensed teacher rate prior to her obtaining her license in 2012. Defendant's Reply also states that since 2016, no further exceptions have been allowed, however, Defendant failed to submit or cite to any evidence to support that contention. *See Mickelson v. New York Life Ins. Co.*, 460 F.3d 1304, 1311–12 (10th Cir. 2006) (Employers seeking summary judgment as to an EPA claim must produce sufficient evidence such that no rational jury could conclude but that the proffered reasons actually motivated the wage disparity of which the plaintiff complains). By admitting to having paid Ms. Cooley, Plaintiff's female comparator, at a licensed teacher rate prior to her obtaining her teaching license, Defendant itself has demonstrated a genuine issue of material fact as to Plaintiff's prima facie case. Because Defendant failed to demonstrate an absence of evidence to support Plaintiff's contention that Ms.

Cooley was paid at a higher rate of pay prior to obtaining her teaching license (and in fact admits that she was), Defendant has failed to meet its meet its burden under Rule 56.

> *ii. Statute of Limitations Time Bar*

In their Motion for Summary Judgment, Defendant also asserts the statute of limitations bars all of Plaintiff's claims for back wages prior to August 27, 2018.  Defendant argues that because it paid its employees from a published pay scale based on licensure criteria, Plaintiff cannot establish knowledge of wrongdoing or reckless disregard for whether its conduct was prohibited by the EPA, which is required to extend the two-year statute of limitations to three years in order to include back wages back through August 27, 2017.  *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 131, 133 (1988) ("willful" means "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [EPA]").

As outlined above in our discussion regarding Defendant's alleged permissible reason for any wage disparity, the court finds Defendant has failed to provide sufficient affirmative evidence to negate Plaintiff's claim of willfulness regarding the application of their published pay scale.  Additionally, because Plaintiff has not been afforded an opportunity to discover evidence that Defendant's alleged violation was willful, the court cannot grant summary judgment or limit Plaintiff's claim for damages due to the statute of limitations at this stage in the litigation.  *See Price*, 232 F.3d at 783.

**C. <u>Defendant failed to move for summary judgment as to Plaintiff's Title IX claim.</u>**

Title IX of the Education Amendments Act of 1972 prohibits discrimination "on the basis of sex" in educational programs or activities receiving federal funding.  20 U.S.C. § 1681(a). This includes a prohibition on employment discrimination in federally funded educational

10

programs. *New Haven Bd. of Educ. v. Bell*, 456 U.S. 512 (1982). Title IX also prohibits retaliation against individuals because they have complained of sex discrimination. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167 (2005) (interpreting Title IX as creating a private right of action for such a claim).

Plaintiff's Complaint references "The Educational Amendment of 1972," but does not allege that Plaintiff was the victim of sexual abuse or harassment. It is not clear if Plaintiff intends for this to be a stand-alone claim. While it is unclear if Plaintiff has stated a Title XI claim for which relief may be granted, Defendant's failure to move for summary judgment as to any Title IX claim precludes this court from dismissing Plaintiff's potential Title IX claim as a matter of law. Fed. R. Civ. P. 56(a) ("A party may move for summary judgment identifying each claim or defense […] on which summary judgment is sought."). The court will therefore not render any determination regarding Plaintiff's Title IX allegations, but Plaintiff is directed to clarify if he is asserting a Title IX claim in his amended complaint and ensure he alleges sufficient facts to assert a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (factual allegations in a complaint must be enough to raise a right to relief above the speculative level).

### III.   Motion to Amend

Under Rule 15, leave to amend should be freely given when justice requires. Fed. R. Civ. P. 15(a). Courts have held that refusing leave to amend is rare and generally only justified upon a "showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West*, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). "A proposed amendment is futile if

the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mehias*, 379 F.3d 892, 901 (10th Cir. 2004).

Plaintiff filed his Motion to Amend seeking leave of court to amend his complaint to include "[v]iolations under [the] Fair Labor Standards Act 1963, the Educational Amendment of 1972," "violations under the doctrine of Promissory Estoppel," and to allow him to add Salt Lake City School District Executive HR Direction Ms. Prestridge-Orton" "in her personal and professional capacity" as a named defendant (ECF 19). Defendant opposes the Motion to Amend arguing without the proposed amended complaint, neither the court nor Defendant could determine whether the amended complaint would satisfy the Rule 15(a)(2) standard (ECF 20).

### A. The interest of justice requires Plaintiff be granted leave to amend.

Local Rule 15-1(a) requires that a party moving for leave to amend a pleading attach the proposed amended pleading as an exhibit to the motion. DUCivR 15-1(a)(1). Plaintiff failed to submit and failed to submit a proposed amended complaint. Notwithstanding, given that Plaintiff is proceeding *pro se*, the court will not deny the Motion to Amend based on Plaintiff's procedural error.

While the court recognizes a failure to attach the proposed amended complaint precludes Defendant from meaningfully contesting amendment on futility grounds, the court agrees with Defendant's general argument that any amendment to include Ms. Prestridge-Orton would be futile as she was not Plaintiff's employer and cannot be held personally liable under the EPA. *See Shafer v Young Auto. Grp. Inc.*, No. 1:17-cv-00160-JNP-EJF, 2018 WL 4688342, at *2 (D. Utah Sept. 28, 2018) (finding that individual employees cannot be held personally liable under the EPA). However, the court sees no significant undue prejudice against Defendant in allowing Plaintiff to file an amended complaint as to his claims against Defendant itself.

As to Plaintiff amending his claims against Defendant, the court finds there has been no undue delay as this action is still in the early stages of litigation. Plaintiff has not previously been afforded an opportunity to amend his complaint, and the court finds no bad faith or dilatory motive. Therefore, the court finds justice requires Plaintiff be afforded an opportunity to amend his complaint against only Defendant Salt Lake City School District in accordance with the court's Recommendation.

## CONCLUSION

Based on the foregoing, the court finds the record on the Motion for Summary Judgment presents factual issues which the court cannot decide. In addition, the court finds justice requires Plaintiff be afforded leave to amend his complaint as outlined above.

## RECOMMENDATION

As outlined above, the undersigned RECOMMENDS:

(1) Defendant's Motion for Summary Judgment (ECF 15) be DENIED; and

(2) Plaintiff's Motion for Leave to Amend (ECF 19) be GRANTED. Plaintiff shall file an Amended Complaint against Defendant Salt Lake City Schools within 21 days from the date of this Report and Recommendation. Once filed, Plaintiff's Amended Complaint will be the operative pleading in this matter.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. See Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 2 August 2021.

*[signature: Cecilia M. Romero]*

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah